

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 2-08-169-CR

RALPH FRANKLIN WELSH                                                    APPELLANT

V.

THE STATE OF TEXAS                                                           STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Ralph Franklin Welsh of assault causing bodily injury to a family or household member with a prior conviction for the same offense and assessed his punishment at eighteen years' confinement. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (Vernon Supp. 2008). In a single point,

------

[1] *See* Tex. R. App. P. 47.4.

Welsh argues that the trial court committed reversible error by refusing to charge the jury on the offense of assault by contact. We will affirm.

Welsh and C.W. are married with seven-and-one-half-year-old twins. C.W. has two teenaged daughters from a prior relationship. One of them, Casandra,[2] lives with Welsh, C.W, and the twins in Keller.

On September 8, 2007, C.W. returned home from grocery shopping and encountered Welsh, who was drinking wine, getting loud, swearing, and "obviously inebriated." Welsh hollered at the children to "shut up," and he called C.W.'s daughters "little bitches." Welsh called C.W. an "F'ing bitch" and a "whore," and he told C.W. that she needed to give him money. C.W. told Welsh that she and the children were leaving, but Welsh responded, "You can go. You can take your whores with you, but my kids aren't going." Welsh grabbed their son, T.W.; said, "He's not going"; and pulled him into the bedroom where he "slammed" T.W. onto the bed, pinned him down with his body, and said, "He's not going anywhere." When C.W. reached over to pick up T.W., Welsh hollered out and kicked her in the chest with his foot. The strike took C.W.'s breath away, knocked her back about three feet, and caused her pain. Casandra came to the bedroom and tried to grab T.W., but Welsh

---

[2] We use an alias to refer to this child.

shoved her to the floor and called her a "stupid bitch." Casandra and T.W. managed to get away from Welsh while C.W. "ran interference" for them.

When C.W. attempted to retrieve her purse and keys so that she could take the children away from the house to a safer place, Welsh told her that he was going to "knock [her] teeth down [her] throat." Scared, C.W. attempted to retrieve a knife from a kitchen drawer "to keep [Welsh] from assaulting [her]," but Welsh kicked the drawer about four times, breaking it to "smithereens." Welsh also kicked C.W. in the stomach with his foot when she tried to get to the back door. The kick caused her pain. C.W. managed to exit the house through the laundry room. The police arrived and eventually arrested Welsh. At trial, the trial court denied Welsh's request to charge the jury on the offense of assault by contact. *See id*. § 22.01(a)(3) (Vernon Supp. 2008).

We use a two-step analysis to determine whether an appellant was entitled to a lesser-included offense instruction. *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App.), *cert. denied*, 510 U.S. 919 (1993). First, the lesser offense must come within article 37.09 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006); *Moore v. State,* 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). Under article 37.09(1), an offense is a lesser-included offense if it is established by proof of the same or less than all the

3

facts required to establish the commission of the offense charged. Tex. Code Crim. Proc. Ann. art. 37.09(1); *see also Hall*, 225 S.W.3d at 536. This inquiry is a question of law. *Hall*, 225 S.W.3d at 535. It does not depend on the evidence to be produced at trial but is performed by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense. *Id.* at 525, 535–36.

> Penal code section 22.01(a) provides that a person commits assault if he
>
> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
>
> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>
> (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

Tex. Penal Code Ann. § 22.01(a)(1), (2), (3). An offense under subsection (1) is a Class A misdemeanor; an offense under subsection (3) is a Class C misdemeanor. *Id*. § 22.01(b), (c).

Here, Welsh was charged under subsection (1) with "intentionally or knowingly caus[ing] bodily injury to [C.W.], a member of the defendant's family or household, by kicking her with his foot."[3] To establish that Welsh

---

[3] The trial court charged the jury accordingly.

intentionally or knowingly caused bodily injury to C.W. by kicking her with his foot, the State was not required to prove that Welsh knew or reasonably should have believed that C.W. would regard the contact as offensive or provocative. *Compare* Tex. Penal Code Ann. § 22.01(a)(1) *with* § 22.01(a)(3). Because assault by contact is not established by proof of the same or less than all the facts required to establish the commission of assault causing bodily injury, assault by contact under subsection (3) is not, under the circumstances of this case, a lesser-included offense of assault causing bodily injury under subsection (1). *See* Tex. Code Crim. Proc. Ann. art. 37.09(1); *Hall*, 225 S.W.3d at 536; *Pham v. State*, No. 02-06-00297-CR, 2008 WL 45763, at *2 (Tex. App.—Fort Worth Jan. 3, 2008, pet. ref'd) (mem. op., not designated for publication) (holding same).

We hold that the trial court did not err by refusing to charge the jury on assault by contact under subsection (3). Accordingly, we overrule Welsh's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 21, 2009

5